IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SUSAN M. WATSON,<br><br>               Plaintiff,<br><br>v.<br><br>IHC HEALTH SERVICES, INC. dba INTERMOUNTAIN MEDICAL CENTER; MARK B. SHAH, M.D.; WILLIAM J. HALDEN, M.D.; PETER MAUGHAN, M.D.; PETER MAUGHAN, M.D., P.C.; NEUROSURGICAL ASSOCIATES, L.L.C.; BRENT A. FELIX, M.D.; BRENT A. FELIX, M.D., P.C.; SALT LAKE ORTHOPAEDIC CLINIC, INC.; DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 1 through 10, inclusive,<br><br>               Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br><br>Case No. 2:17-CV-1141 TS<br><br>District Judge Ted Stewart |

       This matter is before the Court on Plaintiff's Motion to Remand. For the reasons discussed below, the Court will grant the Motion.

                  I.            BACKGROUND

       Plaintiff Susan M. Watson filed her initial Complaint against Defendant IHC Health Services and others in state court on September 29, 2017.[1] In her Complaint, Plaintiff referenced the Emergency Medical Treatment and Active Labor Act ("EMTALA"), a federal statute, as a potential ground for a breach in Defendant IHC's duty of care.[2] Defendant filed a Notice of

---

[1] Docket No. 2 Ex. A.

[2] *Id.* ¶ 21(f).

1

Removal on October 19, 2017, asserting federal question jurisdiction under 28 U.S.C. § 1331.[3] In November, Plaintiff amended her Complaint to remove any reference to EMTALA.[4] Plaintiff then filed this Motion to Remand.[5]

## II. DISCUSSION

Two issues are presented in the Motion to Remand and Defendant's Response: whether a federal question remains within the Amended Complaint and, if not, whether the Court is stripped of its jurisdiction over the case because Plaintiff removed any reference to federal law.

### A. FEDERAL QUESTION

Defendant asserts that although Plaintiff has omitted any reference to federal law in her Amended Complaint, the substance and allegations of the initial Complaint remain unchanged.[6] In the Amended Complaint, Plaintiff continues to allege that doctors failed to properly respond to an emergency medical condition, stabilize patient's condition, and transport the patient.[7] Defendant argues that these requirements are regulated by EMTALA.[8] Because Plaintiff's allegations are substantially based on EMTALA's protections, Defendant claims that the Amended Complaint does arise under federal law.[9]

---

[3] Docket No. 2.
[4] Docket No. 23.
[5] Docket No. 27.
[6] Docket No. 29, at 2.
[7] *Id.*
[8] *Id.* at 4.
[9] *Id.*

Plaintiff claims that the sole cause of action in this case is medical malpractice under the Utah Health Care Malpractice Act.[10] Plaintiff states that EMTALA was only mentioned in the original Complaint as a potential ground for breach of the standard care.[11] Because the Amended Complaint removes any reference to EMTALA, Plaintiff argues there is no federal question to be considered.[12] The fact that three potential grounds for breach correspond with EMTALA's requirements does not transform this cause of action from state to federal law.[13] Plaintiff points out that claims for failures to treat, stabilize, and transport patients are not solely reserved for EMTALA.[14] Thus, Plaintiff argues, a federal question does not remain in this case.[15]

The Court agrees with Plaintiff's position. Without a direct conflict, EMTALA does not preempt state law.[16] Federal courts have oft held that state-law negligence claims do not directly conflict with EMTALA's purposes.[17] Claims for negligence in the treatment, stabilization, or transport of patients, like those Plaintiff is asserting here, are actually not cognizable under EMTALA[18] because its sole purpose is to stop the disparate treatment of uninsured patients.[19]

---

[10] Docket No. 27, at 2.

[11] *Id.*

[12] *Id.* at 3.

[13] Docket No. 30, at 3–4.

[14] *Id.* at 4.

[15] *Id.*

[16] 42 U.S.C. § 1395dd(f).

[17] *See, e.g.*, *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 792–93 (2d Cir. 1999) ("EMTALA is not a substitute for state law on medical malpractice. . . . Congress never intended to displace state malpractice law. This intent to supplement, but not supplant, state tort law is evident in EMTALA's limited preemption provision.") (quotation marks and citations omitted).

[18] *Gatewood v. Wash. Healthcare Corp.*, 933 F.2d 1037, 1041 (D.C. Cir. 1991) (holding that claims for screening misdiagnosis are not cognizable under EMTALA); *Vickers v. Nash Gen. Hosp., Inc.*, 78 F.3d 139, 145 (4th Cir. 1996) (holding that claims for negligent stabilization

Here, Plaintiff is only seeking recovery under state law because she claims negligence in her treatment, stabilization, and transport. Her sole cause of action is for "Medical Malpractice."[20] A claim under EMTALA would require additional allegations that she was treated differently than other covered patients within their insurance plans.[21] The original Complaint's mention of EMTALA appears as if it was only stated as a potential ground for breach of the standard care, rather than asserting a separate claim under EMTALA. This is not to say that federal question jurisdiction was improperly invoked in this case's removal, but no federal claims remain.

B. SUPPLEMENTAL JURISDICTION

Plaintiff contends that without a federal question in the Amended Complaint, the Court lacks subject matter jurisdiction and the case must be remanded under 28 U.S.C. § 1447(c).[22] Defendant responds that because federal jurisdiction was properly invoked under 28 U.S.C. § 1441(a) at removal, this Court maintains subject matter jurisdiction under 28 U.S.C. § 1331.[23]

---

of patients is left to state malpractice law); *Fraticelli-Torres v. Hosp. Hermanos*, 300 F. App'x 1, 7 (1st Cir. 2008) (holding that a negligent medical decision in the transfer of a patient cannot constitute an EMTALA anti-dumping violation.).

[19] *Bryan v. Rectors & Visitors of Univ. of Va.*, 95 F.3d 349, 351 (4th Cir. 1996) ("EMTALA is a limited "anti-dumping" statute, not a federal malpractice statute."); *Power v. Arlington Hosp. Ass'n*, 42 F.3d 851, 856 (4th Cir. 1994) ("EMTALA is not a substitute for state law malpractice actions, and was not intended to guarantee proper diagnosis or to provide a federal remedy for misdiagnosis or medical negligence.").

[20] Docket No. 23, at 5.

[21] *Romar ex rel. Romar v. Fresno Cmty. Hosp. & Med. Ctr.*, 583 F. Supp. 2d 1179, 1187 (E.D. Cal. 2008) ("The key is whether Plaintiff was treated differently, it is not whether [Defendant] breached the standard of professional medical care, i.e. did not act like a reasonable hospital under the circumstances.").

[22] Docket No. 27, at 2.

[23] Docket No. 29, at 3.

On this issue, Defendant's argument prevails but not for the stated reasons. When federal claims are dismissed, resolved, or omitted in amended complaints, the Court retains subject matter jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(a) and (c).[24] It is therefore up to the Court's discretion whether to exercise this supplemental jurisdiction over the state law claims or remand.[25] In a Tenth Circuit case upholding this principal, the court held that, where the only federal claim had been dismissed, the court "retained subject matter jurisdiction over the remaining state-law claims . . . [and] possessed the discretion to either retain or remand those claims pursuant to § 1367(c)."[26] Therefore, this Court's decision to exercise supplemental jurisdiction over this case is "purely discretionary."[27] However, the Tenth Circuit has suggested "[w]hen all federal claims have been dismissed, the court . . . usually should[] decline to exercise jurisdiction over any remaining state claims."[28] Having considered the relevant factors,[29] the Court will decline to exercise its discretion over Plaintiff's remaining claim and will remand this matter to state court.

---

[24] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009).

[25] *Id.* at 640.

[26] *Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 77–79 (10th Cir. 2011).

[27] *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 524 (10th Cir. 2013) (quoting *Carlsbad Tech., Inc.*, 556 U.S. at 639).

[28] *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)).

[29] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.").

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Remand (Docket No. 27) is GRANTED. The Clerk of the Court is directed to remand this case to the Third Judicial District Court, Salt Lake County, State of Utah.

DATED this 15th day of February, 2018.

BY THE COURT:

Ted Stewart
United States District Judge